The case is number 219-1042, A. Stephen Young plaintiff appellant versus A. Suzanne Weiland et al. defendant's appellees. Arguing for the appellant, Philip J. Piscopo. Arguing for the appellee, Kevin L. Nelson. Thank you, Mr. Piscopo. You may proceed. Thank you, your honor. May it please the court, I'm Philip Piscopo representing the appellant in this matter, A. Stephen Young. Your honors, the purpose of section 13-217 of the code of civil procedure is to facilitate a hearing on the merits of a plaintiff's cause, the statutes to be liberally construed in order to make sure that happened and provide that the plaintiff doesn't lose his entire case based on a technicality. Trial court in this case, however, contrary to those numerous decisions of the Supreme court narrowly construes the right to refile and went ahead and dismissed the plaintiff's case. And to do so, it invoked a technicality that has never been a part of Illinois law ever. Um, it doesn't exist in the statute and it doesn't exist in the state, in the, in the case law. And for those reasons that was error and it should be reversed and the plaintiff should be allowed to proceed on its claim. Well, when we're interpreting a statute, we start as we always do with the language of the statute itself. And again, that statute is 13-217 of the code of civil procedure. And that is commonly known as the refiling clause or the saving statute. And that statute says that when a case is dismissed for one of the statute, the plaintiff may commence a new action within one year after the action is dismissed for want of prosecution. And that's what we did in this case. The original claim was dismissed for one of prosecution on January 16th, 2019. The refiling took place on April 9th of 2019, easily within one year of the dismissal for one of prosecution, that should be enough to end the matter. Nothing in the statute says anything about motions to vacate. Um, it doesn't say that the time starts on some other date. It simply says one year after the action was dismissed for one of prosecution. That statute is clear enough. And so there shouldn't have been a dismissal for that reason alone. However, the defendants in the trial court, they want to make an exception to that statute. They want to, they wanted to create a judicial exception to that statute. And that judicial exception is that when a motion to vacate the DWP is then you're prohibited from refiling until that motion to vacate is adjudicated. Now there's no case ever decided by any Illinois court that says that that's the law. Uh, but the trial court relied on a case called Bowers versus village of Palatine and a subsequent case that solely relied on Bowers called Wilson versus Evanston hospital, which was actually a two-parter it's a one and two. Neither of those cases make that holding. Instead the Bowers case, which was decided in 1990, simply says that if somebody files a motion to vacate, then the, the time runs from the, the one year timeframe runs from the time that that motion to vacate is disposed up and it ends one year after that. But in that case, the refile complaint was filed more than one year after. The DWP was entered, but less than one year after the motion to vacate that DWP was denied. And so the Bowers court used that timeframe to find that the, that the refile complaint was timely, despite the defendant's argument that it was filed more than one year after the DWP was entered and in the Wilson case simply followed Bowers. However, in Wilson too, it was determined that the refile complaint was filed more than one year after the motion to vacate was denied. And so therefore the plaintiff wasn't allowed to proceed on that anymore. Um, the Wilson one case relying on also invoked that same, the same principle, but held that that means we don't have the jurisdiction to appeal this because of the well-known principle, um, most recently espoused by this court in the state of young one back on March 23rd of this year, that as long as you have the right to refile a DWP is never final. So the Bowers and Evans and Wilson, they don't say that you're not allowed to file before the motion to vacates decided if they, if they do, if they can be construed to say that. Then I would submit that, that they're holding altogether is questionable. But again, the court doesn't even have to go there. If it's simply, if, if the court simply finds, as the statute says that we have one year from the date of the DWP and not, and not one year from some other date, like the statute says, and leave it for another day to decide if Bowers was correct, but we would suggest that Bowers and its progeny, which is not very much progeny, it's only a few cases, uh, it contradicts the doesn't contemplate a motion to vacate. It doesn't, it doesn't provide that it's to be filed within a year after the motion to vacate society is a year after the DWP is entered. Um, the Bowers holding would allow the plaintiff to artificially expand the limitations period by keeping a motion to vacate open for a long, long time, and indeed it could file it. Who knows when it could file it up to a year after, because the DWP is not final until a year passes. So the Bowers rule allows a plaintiff to just continue a case indefinitely. And indeed that's what happened in both the Bowers and Evanson hospital cases. The refiling was more than two years or even three years after the original DWP. And finally, the Bowers holding creates confusion as to when a DWP might be final when, because again, under our case law, it's never really final until the one year passes, um, any confusion over when we can, when we can refile as, as evidence in this case. I mean, I, I, I think it's, I think it's clear, but apparently the trial court was confused by that, that, uh, this, this Bowers rule means that there's a window and not, and not an extension, so, and finally, with respect to Bowers, it's, it's ironic because the Bowers and Wilson cases, they appear to be expanding the right beyond one year from the time of the DWP to a time that could be two years more in the future, but despite those expansion of the right, the trial court in this case actually contracted the right using Bowers. I just find that to be incredibly ironic. Now, why should we be allowed to refile, even though it was one day prior to the motion to vacate being, uh, being disposed of while the policy behind section 13 dash two 17 is to make every effort to the side of case science merits and to liberally construe the statute to make that possible. In fact, on numerous occasions, our Supreme court has overruled the lower courts attempts to constrict the availability of statute people versus McClure, that was a petition for statutory summary suspension rescission, which has a deadline of 90 days after the, after the, uh, SS is issued, the person filed it within 90 days, then voluntarily dismissed it and then refiled it almost a year later. And the lower courts said, no, you can't do that because of this, because of the strict timeframe. And the Supreme court said, no, yes, he can do that. And the reason is the legislature did not make an exception to 13 dash two 17 for SS hearings. By contrast, the trial court in this case is making an exception to 13 dash two 17 that that says, even if you do file it within one year, if you file it before the motion to vacate is, is denied, then you're out of luck. And that's, that's contrary to the statute. And it's contrary to the principles of people versus McClure Bryson versus news America publications also liberally construed to allow the, even to allow a complaint to be amended, to assert claims, not asserted in the first case, first cases, first cases filed, it gets voluntarily dismissed refiled within a year. And then the plaintiff wants to amend the complaint to add brand new cases. The Bryson court related them back to the first case. So the, so the statute of limitations was not a, was, was not a bar to it. It reversed the appellate court on that issue. So once again, the lower courts were trying to constrict the rights of rule of 13 dash two 17, and the Supreme court said, no, you can't do that. That's not what the statute says. Um, same in Irana versus Hobart manufacturing company. It's that held that it's an extension of the statute of limitations. And therefore rule one Oh three B does not apply to failures to serve, to, uh, due diligence and service earlier case versus Galesburg cottage hospital. Again, reverse the appellate court and held that the time between the original voluntary dismissal in the refiling does not count for purposes of due diligence in service. The court said that the purpose of the statute is to avoid frustration upon the grounds unrelated to the merits. And this court recognized that recently in the case of Inria state of young, um, which I guess we'll call young one. And it held in paragraph 18 courts liberally construed 13 dash two 17 to achieve its remedial purpose, which is to protect plaintiffs from complete loss of relief on the merits because of some procedural defect unrelated to the merits. That's what this, this, the trial court in this case found some procedural defect unrelated to the merits, which we submit is not a defect at all. And therefore the court aired the trial court aired in that. And I would note that this court also noted in, in, in re estate of young, that, that we did refile. And it noted that we refiled on April 9th, 2019, and then that mooted the motion to vacate, which was withdrawn on April 10th. And this court did not express any form of disapproval. I didn't need to, because that was, that wasn't before this court, but it's still never noted any form of disapproval of that refiling. Now, given all the purposes of section 13 dash two 17, our case fulfills those purposes. Yes, there was a motion to vacate pending, but we still filed it within the time set forth in the, by the plain language of the statute. And what that did was it, it removed the motion to vacate. It made it moot. That's all it did. It wasn't barred. There's no case that says it's barred. Instead of simply made it moot and allowed the case, it would have allowed the case to move forward. Had not the trial court found this technicality to throw it up. Indeed, it's the ultimate technicality doesn't exist in Illinois law. The trial court did not dismiss it on the merits. The trial court did not protect plaintiff's rights under section 13 dash two 17, and it didn't avoid technical defaults or defects instead of invented one out of whole cloth. Now, what were, what, what could, what policy reasons could have been promoted by the trial court action in this case? It doesn't seem to be anything. It's little more than a gotcha. Um, it can't be jurisdiction. Um, the defendants moved to dismiss based on jurisdiction section two dash six 19 a one, but as this court recently found in the state of young, the, uh, the, under the Belleville trio, if it's a justiciable manner, then the trial court has jurisdiction. It could it be because there were two cases pending at the same time. Well, there were, and that's under two dash six 19, a three. Well, there were two cases pending at the same time, except that one was, one was withdrawn the very next day. What the motion to vacate was withdrawn based on the very next day. If there were still two cases pending at the same time, then two dash six 19, a provides a remedy, which is to stay the second case pending the outcome of the first case. But by the time this motion, indeed, by the time the defendants were served in this case, the other case was over. It had been dismissed for one of prosecution and the plaintiff accepted that dismissal and instead of trying to vacate it, the plaintiff decided to exercise his rights under section, um, 13 dash two 17 and the trial court. Um, at the urging of the defendants has effectively steinied that, that right now, the defendants have compared this to Supreme court rule three Oh three, which governs the timing of a notice of appeal. Uh, presumably because that's what the Wilson case did, but in another irony under, if, if this, if the refiling is analogous to what a so-called premature notice of appeal, then our case, our case should not have been dismissed because under rule three Oh three, if a notice of appeal is filed while there's still a post trial motion pending or post judgment motion pending, then rule three Oh three says we're going to hold that notice of appeal until that final, until that final post judgment motion is resolved. We're not going to dismiss the appeal as being a nullity. That's what the old rule says. And the Illinois Supreme court found that that was a manifest injustice, that it was totally unfair and pointless to dismiss an appeal altogether simply because there was a post trial motion pending. And I would submit that the same results should flow in this case at the very most. Our case had already been dismissed for one of prosecution. We had already chosen to refile at the very most. All that should have happened was that the previous motion to vacate would be, that would be dismissed or denied as moot, which is what happened here. But then we lost, we lost the, uh, the second case as well. And that's simply not fair. And neither the trial court nor the defendants have offered any explanation as to why this filing was prejudiced, offended in any way, failed to, um, advance the purposes of section two dash, um, I'm sorry, 13 dash two 17, or really was, was a major issue to begin with. And for all of those reasons, we would ask that the court, that this court reversed the trial court's dismissal and remanded for proceedings. Thank you. Justice Jorgensen, do you have any questions? I do. Um, counsel, I just have to ask, I mean, why did you, uh, undertake the chronological chronology that you did? The, um, well in the, in the first case, the one that was dismissed for one of prosecution on the 16th of January, our, our firm had just been retained. And my partner, Peter storm had appeared on the matter on the 16th and asked the judge for an extension so we can get familiar with the file. We didn't have the file yet. We didn't know what was going on. Um, all we knew is that our client was, was really desperate to find a new lawyer quickly and we wanted to help him. And the trial court denied that. And while Mr. Storm was standing in the, in the courtroom, he dismissed it for a point of prosecution. Um, again, we still didn't have the full record. So we didn't know at the time. If there had already been a refiling, the case had a long history. And so if there had already been a refiling, then under the one refiling rule, we wouldn't be able to do it again. And so, um, we timely filed a motion to vacate. And then as we got more familiar with the file and we determined that rather than burn the trial court with a motion to vacate that the judge has discretion to deny and ultimately did deny with respect to the will challenge. Why don't we just exercise our section 13 dash two 17 rights and go ahead and we file and we did, and the trial court accepted that and said, okay, that's fine. That's that's great. Now it's one motion. I don't have to hear. And, and we, and it was withdrawn as move. So we're trying to move the case forward and there was nothing in the statute that says we can't do that. And there's nothing in the case law that says we can't do that. And so we decided to just, okay. Have you refiled both claims? Yes. Yes, we have. We refiled the will challenge on January 16th, 2019. I'm sorry, 2020. And we reef and we, well, we originally refiled this case on April 9th of 2019, but the trial court dismissed it and we appealed it. Um, but at the same time, we're trying to, we're trying to do everything we can to preserve our client's claim. We don't want to make the mistakes that the plaintiff in Wilson two made, which is wait till the outcome of the appeal before refiling. And so, um, if the trial court found that our filing was premature and if this court decides to affirm that, um, if it's premature, then it became mature one day later. And so we went ahead and we've, we refiled the complaint again on April 9th of 2020. Um, that is still, that is still pending. Um, if this, if this, if this court reverses the trial court's, um, decision to dismiss the 2019 complaint, then we don't need that 2020 complaint. And we can just dismiss that and proceed on the 2019 complaint. On the other hand, if this court affirms, or in the alternative, if this court decides, well, he still had a right to refile, so we don't even need to consider the question we're covered. And that's, that's what we were trying to do. So that's my question. You have refiled both. Yes, we have your honor. I have no other questions. Just the Clarence. Thank you. Thank you. Uh, justice Hutchinson. Do you have any questions? Yes, I do. Thank you. Um, you indicated Mr. Fiscalco, that we did not express any position on the April 9th filing in young one, why would we have, uh, as I indicated, there's really, there really was no reason to, because that issue was before the court, or I'm sorry, that issue was not before the court. It was, it was, um, uh, your honor simply noted that that was the case that, that we apparently have exercised our right to refile. Um, and so there was, yeah, there was no need to decide if that was, if that was correct or not. Um, and if you, and if you had mentioned that this is an appropriate procedure that that would have been dictum, um, but, uh, but, and it. So, yeah, there was no reason to do so. I guess to answer your question, the way you had presented it, I thought maybe you were thinking we should have said something. So I just wanted to know what your position was. Thank you on that. Um, on the issue of the actual motion to vacate, you said that there was a motion to withdraw it on April 10th of nine 2019, correct? Uh, well, we, it was, it was simply in, um, it was an oral motion to withdraw. It wasn't a written motion. Oh, all right. So why oral or written? How then did we get into an argument? If there is no motion pending that a motion to vacate pending that there shouldn't have been a motion to vacate pending, if it's gone, it's gone. Isn't it? Well, the issue raised by the defendants is that it was still pending on April 9th when we filed our, when we refiled our complaint and that's, that's the issue they raised, but I do agree with you that it's gone, it's gone. There was no motion to vacating more with respect to the, to the, um, to the six count complaint. And if it's, if it's withdrawn, it's as if it were never filed. So, um, exactly. All right. One last question. When the trial court actually dismissed the, the, the case and got you here, um, did it do so you said on a procedural deficiency, did it say that as a result of that, it lacked jurisdiction to hear this case, the trial court did not say. It simply said it was filed prematurely and therefore I'm dismissing it. It didn't say because I don't have jurisdiction. It didn't say because there are two cases pending for the same cause. It simply said it was premature. And what I'm sure what I was trying to do in my presentation earlier. And also in my brief is think what, what kind of policy, what kind of law is served by the trial court's dismissal? It maybe the trial court was thinking it didn't have jurisdiction. I don't know, but if it was, it's wrong on that based on the Belleville trail. So, but the trial court didn't say it didn't say in the transcript and it didn't say in the order either. It simply said, I find it's premature. Go ahead and appeal it because I'm curious. So it didn't say what, what purposes were served and we submit there were no purposes served by this dismissal. Okay. And this didn't get to us by a three Oh eight, a question or anything of that nature, right? No, it was a, it was a, it's a three Oh one dismissal dismissal. And I feel under three Oh one. Thank you, justice McLaren. I have no further questions. Did the trial court ever make a finding that the, uh, the original DWP cause of action was, uh, active, alive, viable question. You mean the question of whether or not the DWP was, was still active at the time? Let's put it a different way. Uh, two six 19 has a basis for dismissal when supposedly there are two causes of action based upon the same transactional set of facts. And if a DWP occurs, I was under the impression that that meant that the case was closed by order of court. And that unless there was a new complaint filed or a motion to vacate granted. That the DWP still existed. And the case, the original case was closed. And if the original case was closed, how could upon the filing of one complaint, create two causes of action. If there's only the second complaint was filed. And then the prior complaint was still closed because the DWP hadn't been vacated. In fact, it hadn't even been heard and considered. And in fact, it was, I think you say withdrawn within two days later or something like that. Didn't the following day, the following day. So did the trial court ever make any findings? Because I thought there was a motion claiming that there were two causes of action pending and one should be dismissed. And ergo, if that's the case, then maybe, uh, until the first one's dismissed, which it in fact is the second one shouldn't have been filed. So is it correct for me to conclude that the syllogism that the trial court used in order to determine that the cause of action was premature is based upon the false premise that a DWP upon the filing of a motion to vacate is auto automatically ipso facto alive and well. Okay. Your honor, I believe that you are right. And the, and the trial court is wrong because yes, a motion to vacate was filed, the case was still dismissed for one of prosecution. It was still, it was still dead for that moment. Um, unless and until the trial court vacates the motion to vacate, I'm sorry, grants the motion to vacate. Um, so I do believe you're right that it is an anomaly and that the trial court was relying on the, on the, on the long idea that the case that a DWP case wasn't really DWP as long as a motion to vacate was pending. And, uh, interestingly that, that really dovetails with the statute itself that says you refile within one year of the DWP, not within one year of some other date, I have no further questions. Does the panel have any other questions based upon the questions that were previously asked? No. And no. Thank you. Thank you. Your honors. Thank you, Mr. Nelson. You may proceed. Thank you, your honor. And it pleased the court. My name is Kevin Nelson. I represent two of the defendants in this matter, Anita, Suzanne Whelan, Suzanne, uh, who is a defendant that, uh, there's allegations of fraud, tortious conduct against, and I also represent her brother, uh, Alexander Stewart young, the third, who is actually an interested party. Um, and, uh, who joins her in this matter? Um, with all that being said, we're back again. And, um, as it's been alluded to by my colleague, um, there is some subsequent history, which, uh, the court has inquired about and kind of before beginning as an introductory roadmap, I want to go into that very quickly because it does have some bearing, uh, on this case and I want this court to be operating with a full deck of knowledge of what's going on. Um, so, uh, the plaintiff filed a rule 112 supplemental statement, um, reciting other cases, um, concerning this one that are going on. Uh, so in addition to this, uh, appeal that's presently before the court on January of this year, in fact, in the same date, we were having oral arguments, uh, the appellant refiled his will contest, uh, and that is still ongoing in the probate court. Uh, in addition to that, um, on four nine, uh, the appellant re refiled his tort claims, um, which is a refiling of this present cause just in case that is presumed or found to be premature. Uh, so pending at the trial level, there are two other iterations of what was at one point in time, a consolidated cause of action. Uh, and potentially fortunately, or unfortunately, depending on how you feel about hearing from us, two more possible, uh, appeals on the matter. So, uh, with that full bevy of knowledge, uh, I think it's important to inform the court of that. Uh, additionally, just as a bit of a housekeeping matter, and I think it's kind of symptomatic of some other issues going on in this case. Um, the reply brief by the plaintiff was due on April 8th. Um, and it was not filed until April 13th. Uh, there was no motion for extension, uh, under local rule or Supreme court rule. So in that regard, I would argue that if that was untimely, uh, as well too. Um, I think it's symptomatic more of what's been going on in the case, but. Uh, that brief was late, uh, as well. Uh, with all that being said, um, taking the responsive brief and distilling it, I'm going to kind of go at it a little bit of a different task. And I, uh, the defendants argue that there's three reasons, uh, why, why the plaintiff's position is incorrect. And the first one is it, it has a practical flaw and we all agree we're dealing with 13, two one seven. Uh, and the plaintiff wants this court to believe that the trial court imposed some artificial deadline on it. Uh, and they want to, uh, tell the court that 13, two one seven, uh, even though it's a one-year right to refile is, uh, is some kind of open window and an extension, and it doesn't have a start date, it only has an end date. Um, and the defendants would submit to this court, uh, that there's a practical flaw with that because if you take the argument to the extreme, um, we have a real problem, the problem, which we're actually seeing right now. So, uh, we will assume in our UN though, that cases DWP in July of this year, even today's date, uh, and within 30 days, there, uh, a plaintiff files and timely filed motion to vacate. Then for whatever reason, that motion to vacate is not ruled upon, uh, for an additional year. Uh, ironically, that's not uncommon. In fact, the cases, uh, from Bowers to even this present one, uh, it's not uncommon time period. Uh, the plaintiff wants this court to believe them for that one year period. While 13, two one seven is currently pending. Um, he can refile his action under 13, two one seven. Uh, and he can file it as many refile it as many times as he wants. Uh, he can file it, um, you know, he could file it first time that, and can be dismissed as, as premature. Uh, he filed it again and that has stayed and he could file it a third time and that has stayed as well too. So what's, what's being created here in, and under the guise of wanting to ensure a claim is, uh, continued, uh, and we get a resolution on the merits is a legal loophole, uh, and taking this a bit further. So now we have those three and then the motion to vacate is denied. Now the plaintiff also asserts and he inserted in his argument at the trial level and in his brief as well too. Well, then there's a year from that date potentially. And those first three refilings don't even count. So practically speaking, we need some finality and we need some clear terms on 13, two one seven and, and when it starts and when it ends and it's submitted very simply in order to calculate one year, you need to start in an end date. So practically speaking, there's a fundamental flaw in the plaintiff's argument with that. That's the first area. The second area where we believe the arguments of the plaintiff are exposed, um, is statutorily. Now we all know 13, two one seven, and we've all looked through it, uh, very and the action is dismissed for one of prosecution within one year. Uh, and then it says after such judgment is reversed or entered, or the action is dismissed for one of prosecution, the language itself does not explicitly deal with what a motion to vacate, uh, does, uh, to this one year time period. However, the statute says within, uh, and within has meaning. It means there's a definitive start in the definitive end. I would also submit to the court that, uh, it's, it then goes on to talk about after a judgment is reversed or entered and then follows with a dismissal of one of prosecution. So reading those two, uh, portions in context and trying to harmonize the two of them, it seems to imply after a properly filed motion to vacate is either or, uh, denied. Um, so looking at the clear language and the fact that within, uh, cannot, it does not say a, an open extension and it has meaning to it, uh, we believe that statutorily, um, there is a start and an end date. Uh, so there's a statutory flaw in the argument of plaintiffs. And the final flaw is the legal or case law law where the original brief and the untimely reply in essence state that, uh, the Bowers line, uh, which my colleague went through a very explicitly, so I don't feel I have to go through all of those. Um, it does not, um, stand for the proposition. That's a case can be refiled prematurely under 13, two one seven. Uh, while that seems very nice and neat and well packaged, uh, the problem with that is we're dealing with a one year extension and those cases deal with the nature of time and quite frankly, how you, uh, calculate one year. And this court in young one just, uh, filed a few months ago in March cited Bowers for the proposition. And I am quoting directly. The one year refiling period does not begin to run until the trial court has ruled in italics on the motion to vacate the DWP. So this court has, uh, affirmed Bowers and stated that it's good law. In fact, it cited it for the very proposition that plaintiff claims does not exist. Um, Additionally, with all the other cases that are cited in the Bowers line, um, we have Wilson and Wilson one actually was very similar to young one. Uh, where the one-time rights are refiling existed and the plaintiff appealed and in Wilson one, the court said, you know what, we don't have jurisdiction while that right exists. So this court has actually followed that line very well and has been very consistent with that, even though that is our, our friends in the first district. Uh, and, and finally, one of the cases that is cited, uh, in my brief, and it's is the gender case. Uh, it's a one 19 bill to the three 38. It's a Supreme court case. And it is true that, uh, the purpose of 13, 13, two one seven is to avoid, uh, technical defaults and wanting a hearing on the merits that pertains to the initial filing, not the refiling more importantly, uh, this gender case unequivocally states the one-time, uh, right to refiling is a one and only one time, right? Uh, what we want to avoid and what the law endeavors to avoid is getting caught in this endless cycle of refilings, uh, refilings prematurely refilings during that time period, this one year window, and then refiling after as well, too. So we need a definitive and a clear start and an end date. Um, so we would argue that based on case law as it exists, the current state of the statute as it exists, and, um, this court's prior rulings that this case was filed in fact, prematurely, um, there was an oral motion to, uh, Withdraw the motion to vacate made by the plaintiff, but that was made the day after, uh, and the court granted that motion on that following day. Uh, but the plaintiff had to make that motion himself. And, uh, there was a fully filed motion to vacate a brief, a response reply, it was set for oral argument. And then for whatever reason, instead of waiting the day before, uh, the and then for whatever reason, one in the day afterwards and withdrew it, uh, his motion to vacate, uh, and the trial court did not dismiss it for Juan's jurisdiction. In fact, that's nowhere in the oral argument transcript that's before the court, uh, it dismissed it quite simply because it was premature. And 13, two one seven is a limited extension and you need to follow the dictates of that statute. If you do not, the new action can be dismissed for technicality. So really what we have here is two dismissals based on technicality is the first DWP for, um, want to prosecution. And then the 13, two one seven, which is a different cause of action for being filed too early, not in conformance with the 13, two one seven statute. So that was the trial court's rationale. Um, it engaged in discussion with both counsel and it fleshed out its rationale and then put explicitly in the order why it found as it did. So with all that being said, uh, the defendants, both Suzanne and her brother's stewards are requesting that this court, uh, affirm, uh, trial court's findings that 13, two one seven motion was filed or the refiling was filed too early. Thank you, uh, justice Jorgensen. Do you have any questions? I might. My question is this, um, what language do you point to in the statute that would say that the year in which to refile following a DWP is interrupted or stayed once a motion to vacate his file? And, and that's a wonderful question. Your honor is other than within that has a start and an end date. I would first and foremost argue to the court that it is ambiguous in that regard, and that's why the responsive brief went into legislative acquiescence and how courts have construed this in the past. Uh, but to answer your question, truthfully is it, it does not address a motion to vacate, uh, at all within the language, but what we have is a bunch of provisions that we're trying to harmonize and not to conflict with each other, and the idea is, uh, if you read through it, it's after one year, it says after such judgment is reversed or entered, uh, or, and it goes on. Uh, the action is dismissed for one of prosecution. So the idea between that with a judgment being entered or a DWP, which we know is not a, uh, necessarily a final order. Uh, and then the fact that goes on to, um, the dismissal for one of prosecution. The idea is once the plaintiff has exhausted his remedies with the initial, uh, pleading. Is it in there? Right. But here's, here's my point. The year began, I believe January 16th or 17th, depending on how you look at it. Um, and within a year he refiled regardless of what else he filed. He refiled within a year, right? He did refile within a year, but he refiled within that year after he filed a motion to vacate. Um, so, um, you know, and this gets to jurisdiction of the court and I, and I agree, uh, with the Belleville trio, but he filed a motion to vacate that was still pending in front of the trial court. And in fact, in, in the record, that's what the trial court is, is wrestling with, um, is, you know, so I still, even though it's been dismissed in, and. It's viable in some regard, because I have a pending motion to vacate that I have not resolved, uh, I being the trial court. So until that's resolved, that's when the 13, two and seven. Is there anything you can point to that says that once a plaintiff, uh, files a motion to vacate, he or she has given up their right to refile within a year, or would, do we just have to sort of patchwork quilt a number of provisions together to arrive at that conclusion? Yeah, that's a, that's a great question. And the answer is no, they're there in that specific regard. This would be an issue of, of first impression because, uh, every case that I was looking at, and I think my, uh, colleague would, uh, concede as well to dealt with a refiling that was too late. So really it is, it is a patchwork of other, um, court opinions and the clear language within that. There is not a single case that states that, uh, but there's also not a single case that says the one year right to refiling is greater than one year as well, too. Or it is stayed while, um, there's a motion to vacate pending, uh, as well. Okay. I have no, nothing else. Thank you. Uh, justice Hutchinson, do you have any questions? Yes, I do. Justice McLaren. Thank you, Mr. When did you file your motion to dismiss based upon this premature filing? I thought I would have to go back and look in the record, your honor. However, after it was in, um, if my memory serves me correct, uh, within the 30 days to answer or otherwise, please. So, um, that, that refiling was on April 9th and then that was filed within 30 days of that motion to dismiss. So the motion to vacate was withdrawn on April 10th via oral motion. Correct, correct. So how are we, how are we challenging a motion that no longer exists even within, you know, it was gone within 30 days, you filed your motion to dismiss within 30 days, but what are you trying to dismiss a case that was a refiling that was premature under, under 13, two, one, seven. And where is the word premature in 13, two, one, seven, or candidly in any of the cases that we're all talking about here, where is that word? Yeah, candidly, it's not in any of them other than the logical, the logical argument that, you know, you have one year and a refiling can be too late. So there's not a case that says that it cannot be too early. Well, when we're using a word premature, that is not in the statute, aren't we putting a condition into that statute that is not already there? And if so, how is that our right? When this is a legislative action? No, I, I would agree. And it really goes back to the, the nature of time, but the problem and the point of this is one year and within. So with both of those, we're not putting any conditions. Uh, if, if it's a year extension, it's a year extension, it's, uh, it's not a year and a half or two years. By having the words within, in the statute and, and, you know, throughout history has been the case law. It's been the one year right to refile. Um, there's an implication that you must have a start date and an end date. Uh, and yes, this is an issue of first impression, just in the narrow sense. This is about a case being filed too early. Uh, but all of those other cases have spoken to it. How do we measure this time? Uh, and we would argue if it can be too late there. I simple logic. It should also be able to be too early. And we would argue this one was too early. Well, since counsel, as you've already told justice Jorgensen filed within four months, which is within 12 months, at least as I look at a calendar, why should we be concerned about too late or too early when he clearly filed within four months? Well, I think because the whole purpose of 13, two one seven is, um, a limited extension and the case law that I have cited for you states that explicitly it is a, a one-time right to refile, but you have to file it in within the time period established by the statute and law. So, um, which was done, unless I'm mistaken, it was completed within four months, which is less than 12 months. Correct. Well, we would say that you have 365 days and that begins on April 10th. You don't get 365 days plus a day, April 9th, April 5th, uh, January 20th, or what have you. So if it is a one year, um, I don't understand how the same argument would apply. How can the court expand one year beyond a one year time period? All right. Thank you. Okay. Thank you. Thank you, justice McLaren. I don't have any additional questions. Thank you. Um, if a tree falls in a forest prematurely, would make a sound that's a, that's a, that's a great question. And it would be for your honor to decide if it did or not make a sound. Uh, you indicated, uh, I believe that, uh, what, um, the appellant did was inefficient, am I correct that you, you've made that argument? Uh, I've made, I've made that argument. Yes, correct. And could you refresh my recollection as to why you believe it's inefficient? Um, I would argue because he filed a timely motion to vacate. Um, he, he briefed it. Uh, the defendants responded. He replied, um, the matter was set for an oral argument. Uh, the trial court prepared for it. Both councils prepared for it just to find out that he had refiled, um, his, uh, same action a day prior and went to withdraw that motion on the date of the hearing, uh, which we heard on the other motion to vacate it is regarding the will. Um, he has a year, there was, there was no logical reason to refile it before, uh, resolving that motion to vacate. And he was not up against any deadline. Uh, he just decided to refile it. So the inefficiency would be, uh, what I just described, uh, in terms of one, not waiting and, and two, uh, putting everybody included in the trial court through an exercise, uh, of a motion to vacate, but he's just going to withdraw and refile. Thank you. I have no further questions. Uh, does the panel have any questions based upon, uh, prior questions? No, sir. Thank you. I have one. Okay. I have one justice McLaren and Mr. Nelson. Yes. So am I hearing correctly that, you know, lawyers often wait and we've had cases about not filing on time, especially under this electronic system, because something doesn't work right. And they started to file it within at 11 58 that evening. Are you saying that attorneys should always wait until the last minute to file something? Oh, absolutely not. No, he, he filed it a day before 365 days began. Uh, he filed it too early. Uh, he had 365 days in essence to, uh, I'm not saying waiting at all, uh, to do so just doing so in the one year that we believe is prescribed by statute. Okay. I don't have any other questions. Thank you. Uh, justice Jorgensen, any other questions? No, thank you. Thank you, Mr. Nelson. Uh, thank you, Mr. Pisco or Mr. Pisco. Oh, uh, you may proceed. Thank you, your honors. Um, this has now been the third opportunity for, for the defendants to explain to a court why it is so important and why the ends of justice are served and why the purposes of section 13 dash two 17 are served by dismissing a complaint because it was supposedly filed too early. And I submit that once again, the defendants have failed to do that. They're simply doing two things. Uh, first of all, um, the defendants are, came up with yet another rule. That does not exist. And that rule is when defendants counsel stated that we filed our reply brief untimely, he claims that it was due April 8th and it was filed April 13th. That's simply false. The Illinois Supreme court has ruled and I'm sorry, has issued a rule based on the COVID crisis that extensions to file briefs are granted for all briefs up to 35 days. And we filed ours well within that 35 day extension. We only needed five extra days, not 35 extra days. Once again, we're filing well in advance of the deadline. And the defendants are calling out yet another technicality that yet again, does not exist in Illinois law. The second thing they do is they simply say over and over again, it's too early. It's too early. It's too early. And there's not a single statute that says that this case can be filed too early. There's not a single case that says that this debt, that this case can be filed too early. It's just, it's, it's just a rule that is being. Invented out a whole clock. And I think that the questions of justice Jorgensen and justice Hutchinson, justice McLaren, we're all, we're all right on. Um, I would also note that there is a, um, the time that the defendants first raised their premature argument was not when they filed their original motion to dismiss the motion to dismiss was filed on May 28th of 2019. And at no time in that motion, and that's at pages, uh, C 20 and C 21, I'm sorry, C 20 in the following pages of the record, they don't say anything about it being filed prematurely. They just cite a bunch of, a bunch of statutes of, uh, section two dash six 19, they don't say it's premature. The first time they say it's premature is in their reply brief on that motion, which was filed several months later. So, and again, but both the original motion and the reply brief in the trial court were filed well after the motion to vacate was withdrawn. So, um, justice Hutchinson was correct when she asked where the word premature is found in section 13 dash two 17 or any case law, and Mr. Nelson correctly stated that it's not found anywhere in that case law. We put simply the statute says within one year after the case is dismissed for one of prosecution, we filed our case within one year after the case was dismissed for one to prosecution, everything else that the defendants are arguing is just an attempt to confuse the issues. Um, and one of the arguments was that the, that we think that we can file this an unlimited number of times. No, we don't. We get one refiling. That's clear by the law. But it's the, it's the defendant's motion and the trial court's action that have forced our hand. If that's what forced us to defend our refiling in this court. And so it's forced us to attempt to refile the 2020 complaint. Um, which is not before this court. It's before the trial court. And, uh, the defendants say to calculate one year, you need to start at an end date. Well, I submit that the statute provides for a start and end date. The start date is when the DWP is entered. The end date is one year later. The Bowers case as a judicial gloss to it, but the statute says within one year after the case is dismissed for one, a prosecution and the addition of those other things like the judgment being reversed or a judgment entered that simply makes the statute parallel with the, with the first part, because the statute comes in two parts, the first part is it lists the conditions under which you can file under 13 dash two 17. And then the second part says when you can refile, and it's simply, it was making it a parallel structure in the sentence, and so there's, so there's nothing about judgment reversed or entered against plaintiff that's simply refers to the judgment being reversed or entered against plaintiff in the first part of it. So for all those reasons, we would ask that this court reverse the trial court's dismissal and remand the cause. Thank you. Thank you. Justice Jorgensen. Do you have any questions? I do not have any additional questions. Thanks to both counsel for excellent arguments. Thank you. Justice Hutchinson. Do you have any questions? No, I do not at this time. Thank you. Thank you. I also do not have any other questions. Uh, the case will be taken under advisement and a disposition rendered in app time, uh, oral arguments on this case are now closed. Thank you. Thank you. Runners. Hutchinson.